This document was signed electronically on May 11, 2021, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: May 11, 2021



**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Case No. 20-51496 |
| ISIS NICOLE POLLARD, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | Adversary Proceeding No. 20-05074 |
| ) | |
| JOE VITRANO, ) | |
| ) | Judge Alan M. Koschik |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ISIS NICOLE POLLARD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER GRANTING DEFAULT JUDGMENT
### OF NONDISCHARGEABILITY AGAINST DEFENDANT

Plaintiff Joe Vitrano (the "Plaintiff") commenced this adversary proceeding on November 20, 2020, by filing his complaint (Docket No. 1) (the "Complaint"). The Plaintiff seeks a nondischargeable judgment against debtor-defendant Isis Nicole Pollard (the

"Defendant") on account of Plaintiff's monetary claim against the Defendant, and also, in the alternative, seeks to deny the Defendant her discharge in her main bankruptcy case, Case No. 20-51496.  Both the Plaintiff and the Defendant have appeared in this adversary proceeding *pro se*.

On December 7, 2020, the Defendant filed her letter response to the Complaint, which this Court has accepted as the Defendant's answer to Plaintiff's complaint (Docket No. 6) (the "Answer").

Following the Defendant's Answer, the Court held two pretrial hearings in this adversary proceeding, the first on January 13, 2021, and the second on February 3, 2021.  Although the Plaintiff appeared at both pretrial conferences, the Defendant failed to appear at either of them.  As a result, the Court entered an order directing the Defendant to show cause why her Answer should not be stricken (Docket No. 10) (the "Show Cause Order") and set a show cause hearing on February 24, 2021 (the "Show Cause Hearing").

The Court conducted the Show Cause Hearing on February 24, 2021.  Both Plaintiff and Defendant appeared telephonically, as required by the Court during the COVID-19 pandemic.  This Court permitted both parties to speak, but focused on the Defendant who had failed to appear at the prior pretrial conferences.  The Court explained that it was important for the Defendant to defend against the Complaint to avoid entry of a judgment against her, and strongly suggested to the Defendant that she agree to mediation.  Alternatively, should would have to participate in a discovery process and prepare for a trial on the merits.  The Plaintiff had previously agreed, and reiterated his agreement at the Show Cause Hearing, to participate in mediation.

During the Show Cause Hearing, the Defendant grew increasingly impatient with the Court and the Plaintiff.  The Defendant was insistent that her Answer alone should be deemed

sufficient to resolve the adversary proceeding and that, in her opinion, the Plaintiff's Complaint was frivolous. She argued that the Plaintiff had already had his day in state court where he obtained a judgment against the Defendant. The Defendant failed to appreciate that this adversary proceeding concerned whether the Plaintiff's state court judgment should become nondischargeable and whether the Defendant should be denied her bankruptcy discharge.

A few moments later, while the Plaintiff was speaking, the Court heard the sound of a participant either hanging up or possibly joining the telephonic conference bridge which the Court relies upon for telephonic hearings during the COVID-19 pandemic. When the Plaintiff had finished speaking, the Court asked whether the Defendant was still on the line. The Court offered the Defendant numerous opportunities to speak, including reminding her that if she was trying to speak without being heard perhaps her line had become muted and that she should unmute her phone. No further response was heard from the Defendant.

The Show Cause Order had directed the Defendant to appear at the Show Cause Hearing to avoid her Answer being stricken, which would open the possibility of entry of her default and the possible entry of a default judgment against her following further proceedings. As a result of the Defendant's actions during the course of the Show Cause Hearing, the Court, on March 2, 2021, entered a contempt order (Docket No. 16) (the "Contempt Order") holding the Defendant in contempt, striking her Answer, and offering her one final opportunity to avoid permanently waiving her rights to defend this action, with a response deadline imposed of March 16, 2021. That date passed and the Defendant filed nothing. The Clerk entered the Defendant's default on March 17, 2021.

On March 29, 2021, the Plaintiff filed his motion for default judgment (Docket No. 20) (the "Motion"). The Defendant has also not responded to the Motion.

Based on the foregoing,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's Motion for Default Judgment (Docket No. 20) is **GRANTED**.

2. The Court concludes that the Defendant's debt to the Plaintiff, the amount of $5,444.42, is **NONDISCHARGEABLE**, pursuant to 11 U.S.C. § 523(a) on the basis of the false statements on her application to lease property from the Plaintiff, such being deemed admitted because of her default in this adversary proceeding.

3. The Court had previously entered the Defendant's general discharge, then vacated it when it became clear that the Plaintiff in this adversary proceeding sought to have the Defendant's discharge denied. The Court concludes that the Plaintiff has not shown that the Defendant's general discharge should be denied pursuant to 11 U.S.C. § 727(a). The Clerk is directed to enter a new order granting the Defendant's discharge in her main bankruptcy case, Case No. 20-51496

### #